## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ENABLE CREATIVE LLC d/b/a WE FLY AERIAL MEDIA | Case No. 1:21-cv-22733 |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT** |
| JOIA BEACH LLC; LIQUID HOSPITALITY LLC; JUNGLE ISLAND RESORT, LLC; ESJ ASSET MANAGEMENT, LLC; ESJ CAPITAL PARTNERS, LLC; ESJ JI LEASEHOLD, LLC; and ESJ JI OPERATIONS, LLC, | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Enable Creative LLC d/b/a We Fly Aerial Media ("Plaintiff" or "We Fly"), by its attorneys Kushnirsky Gerber PLLC and Orion Intellectual Property Law Group, for its Second Amended Complaint against defendants Joia Beach LLC and Liquid Hospitality LLC (together, the "Liquid Hospitality Parties") and Jungle Island Resort, LLC, ESJ Asset Management, LLC, ESJ Capital Partners, LLC, ESJ JI Leasehold, LLC, and ESJ JI Operations, LLC (collectively, the "ESJ Parties") (together with the Liquid Hospitality Parties, "Defendants") alleges as follows:

### INTRODUCTION

1. This Action involves the flagrant infringing use of Plaintiff's timely-registered photograph. Plaintiff also included its name on the photograph as identifying copyright management information, and that copyright management information was intentionally removed from the infringing copy used on the infringing social media advertisement.

2. Now nearly five months since the original Complaint was filed in this Action, Plaintiff has had to spend considerable time and effort unraveling facts relating to the correct

1

defendant parties, largely due to obfuscation by Defendants' counsel. In an effort to determine the correct, responsible parties after having service issues with the original defendant, Plaintiff's counsel engaged in discussions with the ESJ Parties' counsel several months ago. ESJ Parties' counsel then stated unequivocally that his clients had no involvement in the Joia Beach social media account – the account where the infringing advertisement was posted - or the images used on that account and that the Liquid Hospitality Parties had exclusive control of that account. Counsel for the ESJ parties then insisted that the ESJ Parties were not proper parties to this Action and demanded that we confirm same in the Amended Complaint.

3. Yet last week, counsel for the Liquid Hospitality Parties stated that the opposite was true: that the ESJ Parties controlled the Joia Beach social media account during the relevant time period. After learning of this factual discrepancy, Plaintiff's counsel urgently emailed the ESJ Parties' counsel, requesting a phone conference to discuss same. This request was completely ignored.

4. The Liquid Hospitality Parties, having already filed an Answer to the First Amended Complaint, have consented to this Second Amended Complaint pursuant to FRCP Rule 15(a)(2).

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. §§ 48.193. Defendants are Florida limited liability companies, are headquartered in this District, and regularly do business in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants operate their respective businesses in this District, may be found in this District, and are subject to personal jurisdiction here. Further, a substantial part of the events giving rise to the claims at issue in this action occurred in this District.

## PARTIES

8. Plaintiff is a California limited liability company owned and operated by Jake Ryan Butters, a professional photographer who was based in Miami, Florida at the time this Action was initiated. Plaintiff has satisfied the requirements of 17 U.S.C. § 411 prior to filing this lawsuit. Mr. Butters operates through the We Fly entity and engages in projects using the We Fly entity. Mr. Butters is known for its aerial photographs of Miami, featured on its website We Fly Miami, located at www.wefly.miami, and on various We Fly Miami social media accounts. Plaintiff uses the We Fly Miami website and its We Fly Miami Instagram account to showcase and promote those photographs for licensed commercial use. Companies looking to license Plaintiff's photographs can easily contact the company through the We Fly Miami website or the We Fly Miami Instagram account.

9. Defendant Liquid Hospitality is a limited liability company formed under the laws of the State of Florida with its principal place of business at 1220 20th Street, Miami Beach, Florida 33139. Upon information and belief, Liquid Hospitality managed and operated Joia Beach Restaurant & Beach Club at 1111 Parrot Jungle Trail in Miami, Florida 33132 during the relevant time period, and directly financially benefited from the infringing conduct alleged herein.

10. Defendant Joia Beach LLC is a limited liability company based in Miami Beach, Florida and is an affiliate of Defendant Liquid Hospitality created to assist with the management and control of Joia Beach and directly financially benefited from the infringing conduct alleged herein.

11. Defendants Jungle Island Resort, LLC, ESJ Asset Management, LLC, ESJ Capital Partners, LLC, ESJ JI Leasehold, LLC, and ESJ JI Operations, LLC are affiliated limited liability companies formed under the laws of the State of Florida with the same principal place of business at 19950 WW. Country Club Drive, Suite 800, Aventura, FL 33180. Upon information and belief, these ESJ Parties all either managed and controlled Joia Beach and/or the Joia Beach social media account at issue during the relevant period, or directly financially benefited from the infringing conduct alleged herein.

## FACTUAL BACKGROUND

12. Plaintiff is a limited liability company owned by Jake Ryan Butters, a photographer known for his aerial photographs of Miami.

13. In early 2020, Mr. Butters took an aerial photograph of the Miami waterfront entitled *Morning Beach* (the "Photograph") and placed copyright management information on the Photograph. *Morning Beach* is attached as **Exhibit A**.

14. Plaintiff obtained federal copyright registration No. VA0002259902 for the Photograph on July 17, 2021.

15. On March 7, 2020, Mr. Butters, on behalf of We Fly, messaged the official Joia Beach Instagram account to promote We Fly's photography services. Mr. Butters provided a copy of the Photograph as a sample of the types of image Defendants could license from We Fly. The Photograph contained conspicuous copyright management information in the form of a watermark Instagram tag reading "WE FLY AERIAL MEDIA" at the top center of the image.

16. Rather than hire We Fly or discuss a potential license, without any further communications, Defendants used the Photograph without Plaintiff's permission to advertise Joia Beach Restaurant & Beach Club in July and August 2020 (the "Infringing Advertisements"). The Infringing Advertisements include copies of the Photograph alongside text or other photographs

4

promoting hiring opportunities, outdoor facilities, and the Joia Beach brand itself. In each Infringing Advertisement, the original We Fly watermark had been intentionally removed. Examples of the Infringing Advertisements are attached as **Exhibit B**.

17. Defendants' use of the Photograph infringes Plaintiff's copyright in the Photograph in violation of the U.S. Copyright Act, 17 U.S.C. § 501 *et seq*. Defendants did not obtain permission or license from Plaintiff to use the Photograph in the Infringing Advertisements or for any commercial purpose.

18. Defendants' infringement of the Photograph has been willful. Defendants knew or should have known that Plaintiff required a licensing fee for its works, including the Photograph. Defendants should have contacted Plaintiff and paid a proper license fee before using the Photograph. Instead, Defendants have profited from the unauthorized use of Plaintiff's photograph through their display of the Infringing Advertisements.

19. Additionally, the intentional removal of copyright management information violates Plaintiff's rights under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(b). Defendants intentionally cropped the Photograph in order to remove the copyright management information so that it would not appear in the finished Infringing Advertisements. Defendants did so with the intent to induce, enable, facilitate or conceal their infringement of Plaintiff's rights.

20. Plaintiff has been significantly damaged by Defendants' unlawful use of the Photograph and by Defendants' intentional removal of Plaintiff's copyright management information and has been forced to file this action in order to protect its rights.

21. Plaintiff seeks actual damages, disgorged profits, statutory damages, attorneys' fees, injunctive relief, and other relief as the Court deems just and proper. Plaintiff respectfully requests a trial by jury in this action for all issues so triable.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq.*

22. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21 above and incorporates them herein by this reference.

23. Plaintiff is the legal owner of all rights, title, and interest in the Photograph, including the copyright in the Photograph.

24. Upon information and belief, Defendants had access to the Photograph.

25. Upon information and belief, Defendants copied, reproduced, distributed, adapted, and/or publicly displayed the Photograph without the consent, permission, or authority of Plaintiff.

26. Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

27. Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to the rights of Plaintiff.

28. Plaintiff is entitled to actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504. Plaintiff may also elect, at any time before final judgment is rendered, to receive statutory damages in connection with Defendants' willful infringement, pursuant to 17 U.S.C. § 504.

29. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(b)

30. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 29 above, and incorporates them herein by this reference.

31. The Photograph includes conspicuous copyright management information, which is conveyed in connection with the Photograph and protected under 17 U.S.C. § 1202(b).

32. Upon information and belief, in the process of unlawfully copying, reproducing, distributing, adapting, and/or publicly displaying the Photograph in the Infringing Advertisements without the consent, permission, or authority of Plaintiff, Defendants intentionally removed Plaintiff's copyright management information from the Photograph.

33. Upon information and belief, Defendants created and used copies of the Photograph with the intent and knowledge that copyright management information had been intentionally removed therefrom.

34. Upon information and belief, Defendants intentionally removed Plaintiff's copyright management information from the Photograph and created and used copies of the Photograph with Plaintiff's copyright management information removed with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

35. Defendants engaged in these activities without the consent or authorization of Plaintiff.

36. Plaintiff has been injured as a result of these violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. For an order permanently restraining and enjoining Defendants from copying, reproducing, distributing, adapting, and/or publicly displaying the Photograph or any elements thereof;

2. For an award to Plaintiff of its actual damages in connection with Defendants' willful copyright infringement;

3. For an award to Plaintiff of all of Defendants' disgorged worldwide profits attributable to Defendants' infringing uses of the Photograph;

4. For an award to Plaintiff of statutory damages under the Copyright Act, 17 U.S.C. § 504(c), as well as attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505;

5. For an award to Plaintiff of $25,000 per violation of 17 U.S.C. § 1202(b) and an award of Plaintiff's attorneys' fees and costs under 17 U.S.C. § 1203;

6. For prejudgment interest on all damages awarded by this Court; and

7. For such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted on December 17, 2021,

ORION INTELLECTUAL PROPERTY LAW GROUP

By: _____
Sarah M. Stemer
Sarah@OrionIP.com
6067 Dudley Court
Arvada, Colorado 80004
(303) 928-1094

KUSHNIRSKY GERBER PLLC
Andrew Gerber (*admitted pro hac vice*)
andrew@kgfirm.com
Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003
Telephone: (212) 882-1320

*Attorneys for Plaintiff Enable Creative LLC*

# EXHIBIT A



# EXHIBIT B



