IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ENABLE CREATIVE LLC d/b/a WE FLY
AERIAL MEDIA,

    Plaintiff,

v.

JOIA BEACH, LLC; LIQUID HOSPITALITY
LLC; JUNGLE ISLAND RESORT, LLC;
ESJ ASSET MANAGEMENT, LLC;
ESJ CAPITAL PARTNERS, LLC;
ESJ JI LEASEHOLD, LLC; and
ESJ JI OPERATIONS, LLC,

    Defendants.
_____/

Case Number: 1:21-cv-22733

## ESJ DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AND AFFIRMATIVE DEFENSES

### ANSWER

Defendants ESJ ASSET MANAGEMENT, LLC, ESJ CAPITAL PARTNERS, LLC, ESJ JI LEASEHOLD, LLC, ESJ JI OPERATIONS, LLC and JUNGLE ISLAND RESORT, LLC (collectively, the "ESJ Defendants"), by and through undersigned counsel, hereby file their Answer to Plaintiff ENABLE CREATIVE LLC d/b/a WE FLY AERIAL MEDIA's ("Plaintiff") Second Amended Complaint, and state as follows:

### INTRODUCTION

1. The ESJ Defendants deny the allegations in Paragraph 1.

2. The ESJ Defendants deny the allegations in Paragraph 2, except admit that counsel to the ESJ Defendants stated to counsel for Plaintiff that the ESJ Defendants are not proper parties to this action because they did not control nor have involvement in the Joia Beach social media account during the relevant time period in question.

3. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first sentence of Paragraph 3; to the extent a response is required, the ESJ Defendants deny the allegations in the first sentence

of Paragraph 3. The ESJ Defendants admit that Plaintiff's counsel emailed the ESJ Defendants' counsel, and otherwise deny the allegations in Paragraph 3.

4. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 4; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. The ESJ Defendants admit the allegations in Paragraph 5.

6. The ESJ Defendants admit the allegations in Paragraph 6 to the extent they pertain to the ESJ Defendants; the ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 6 to the extent they pertain to the Liquid Defendants; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 6 as they pertain to the Liquid Defendants.

7. The ESJ Defendants admit the allegations in the first sentence of Paragraph 7. The ESJ Defendants deny the allegations in the second sentence of Paragraph 7.

## PARTIES

8. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 8; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 8.

9. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9, except admit that Liquid Hospitality managed and operated Joia Beach Restaurant & Beach Club at 1111 Parrot Jungle Trail in Miami, Florida 33132 during the relevant time period.

10. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 10; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 10.

11. The ESJ Defendants admit the allegations in the first sentence of Paragraph 11. The ESJ Defendants deny the allegations in the second sentence of Paragraph 11.

## FACTUAL BACKGROUND

12. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 12; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 12.

13. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 13; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 13.

14. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 14; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 14.

15. The ESJ Defendants deny the allegations in Paragraph 15.

16. The ESJ Defendants deny the allegations in Paragraph 16.

17. The ESJ Defendants deny the allegations in Paragraph 17.

18. The ESJ Defendants deny the allegations in Paragraph 18.

19. The ESJ Defendants deny the allegations in Paragraph 19.

20. The ESJ Defendants deny the allegations in Paragraph 20.

21. The ESJ Defendants deny the allegations in Paragraph 21, except admit that Plaintiff seeks damages and other relief and a trial by jury.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, *et seq.*

22. The ESJ Defendants incorporate their responses to Paragraphs 1 through 21 as if fully set forth herein.

23. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 23; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 23.

24. The ESJ Defendants deny the allegations in Paragraph 24.

25. The ESJ Defendants deny the allegations in Paragraph 25.

26. The ESJ Defendants deny the allegations in Paragraph 26.

27. The ESJ Defendants deny the allegations in Paragraph 27.

28. The ESJ Defendants deny the allegations in Paragraph 28.

29. The ESJ Defendants deny the allegations in Paragraph 29.

## SECOND CLAIM FOR RELIEF
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION – 17 U.S.C. § 1202(b)

30. The ESJ Defendants incorporate their responses to Paragraphs 1 through 29 as if fully set forth herein.

31. The ESJ Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 31; to the extent a response is required, the ESJ Defendants deny the allegations in Paragraph 31.

32. The ESJ Defendants deny the allegations in Paragraph 32.

33. The ESJ Defendants deny the allegations in Paragraph 33.

34. The ESJ Defendants deny the allegations in Paragraph 34.

35. The ESJ Defendants deny the allegations in Paragraph 35.

36. The ESJ Defendants deny the allegations in Paragraph 36.

Wherefore, the ESJ Defendants demand judgment be entered in their favor.

## RELIEF SOUGHT

Wherefore, the ESJ Defendants demand judgment be entered in their favor.

1. With respect to the paragraphs following the section entitled Prayer for Relief, the ESJ Defendants deny Plaintiff is entitled to any relief against the ESJ Defendants.

2. All allegations not expressly admitted herein are deemed denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of the ESJ Defendants, nor within the ESJ Defendants' reasonable control. None of the ESJ Defendants owned or had access to the social media sites and/or accounts for Joia Beach Club during the relevant time period, and they did not manage nor post to those social media accounts or disseminate the photograph in question during the relevant time period. During the relevant time period, Liquid Hospitality LLC, as manager of Joia Beach Club, held title to all intellectual property, including social media accounts, bearing the trade name "Joia" and was responsible for developing and implementing the advertising, marketing and promotion of the business.

4

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff consented to and/or gave written and/or verbal permission to use the photograph in question, which was voluntarily submitted and unsolicited. Plaintiff therefore voluntarily abandoned copyright rights and as such Plaintiff waived any claim asserted in the Second Amended Complaint and/or is estopped from bringing any such claim.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff provided an implied license to use the Photograph. Plaintiff created the Photograph for the purpose of soliciting business from the Joia Beach social media accounts and upon information and belief delivered the Photograph to the Joia Beach Instagram account with the intention that the Photograph be disseminated.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff acquiesced to dissemination of the Photograph. Upon information and belief Plaintiff delivered the Photograph to the Joia Beach Instagram account with the purpose of soliciting business from the Joia Beach social media accounts, with an implied assurance that Plaintiff would not assert intellectual property rights in connection with dissemination. Upon information and belief, Plaintiff was aware of the dissemination of its Photograph since at least July 2020, more than one year prior to Plaintiff's commencement of this action for infringement, a delay which is not excusable and which unduly prejudices the ESJ Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its alleged damages. Upon information and belief, Plaintiff was aware of the dissemination of its Photograph since at least July 2020 and knowingly failed to stop ongoing alleged copyright infringement.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent.

Dated: January 18, 2022

Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: s/ *Donald J. Hayden*
Donald J. Hayden, Esq.
Florida Bar No. 97136
don@markmigdal.com
Michelle Genet Bernstein, Esq.
Florida Bar No. 1030736
michelle@markmigdal.com
eservice@markmigdal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this January 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Donald J. Hayden*